# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | JESSICA   D   STEWART |
| | First Name   Middle Name   Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name   Middle Name   Last Name |
| Case Number | 19-20295 |
| (If known) | |

☐ Check if this is an amended plan.

## CHAPTER 13 PLAN AND MOTION

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia Order 2017-3 adopts this form in lieu of Official Form 113]

1. **Notices.** Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

    (a) This plan: ☐ contains nonstandard provisions. See paragraph 15 below.
    ☑ does not contain nonstandard provisions.

    (b) This plan: ☐ values the claim(s) that secures collateral. See paragraph 4(f) below.
    ☑ does not value claims(s) that secures collateral.

    (c) This plan: ☑ seeks to avoid a lien or a security interest. See paragraph 8 below.
    ☐ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

    (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $ __70.00__ for the applicable commitment period of:

    ☐ 60 months; **or**
    ☑ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (If applicable include the following: These plan payments will change to $_____monthly on _____, 20___.)

    (b) The payments under paragraph 2(a) shall be paid:

    ☑ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

    ☐ Debtor 1 _____ %       ☐ Debtor 2 _____ %

    ☐ Direct to the Trustee for the following reason(s):
    ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
    ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):

    (c) Additional Payments of $ _____ (estimated amount) will be made on _____ (anticipated date)

from _____ (source, including income tax refunds).

**3.** **Long-Term Debt Payments.**

(a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO BE MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| ALL STUDENT LOANS | STUDENT LOANS | N | DEBTOR | | UNKNOWN |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| | | | | N/A |

**4.** **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

(a) **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

(b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $ __2,250.00__ .

(c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

(d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| | | | | |

(e) **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| | | | | |

(f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The

plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| | | | | |

(g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid 100%
☐ with interest at _____ % per annum **or**  ☐ without interest.

_____

(h) **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a __0.00__ % dividend or a pro rata share of $ _____ , whichever is greater.

5. **Executory Contracts.**

   (a) **Maintenance of Current Installment Payments of Rejection of Executory Contracts(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/ REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| | | | | |

   (b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| | |

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors:  ☐ Direct to the Creditor; **or**  ☐ To the Trustee.

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| | |

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| | |

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), The Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditors(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| WESTERN FINANCE | | HHG/Furnishings, Etc. |
| REGIONAL FINANCE | | HHG/Furnishings, Etc. |
| CASCADE CAPITAL | | JUDGMENT |
| WORLD FINANCE | | HHG/Furnishings, Etc. |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in

paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from the entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C. § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supercede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on a valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form of deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**

Dated: 5/2/19

/s/ JESSICA D STEWART
*Debtor 1*

/s/
*Debtor 2*

/s/ William S. Orange, III
*Attorney for the Debtor(s)*

**GASB-Form 113 [Rev. 12/1/17]**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA

IN RE:  
JESSICA    D    STEWART                     Chapter 13 Case

Debtor(s)                                    Case No.: 19-20295

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the Chapter 13 Plan by First Class Mail placing the same in the United States Mail with proper postage affixed thereon to the following addresses:

**(See attached matrix)**

I hereby certify that I have served a copy of the Chaper 13 Plan on the following corporations addressed to an Agent or Officer by First Class Mail with proper postage affixed thereon to the following addresses:

**(See attached matrix --For each entity required to be served pursuant to Fed. R. Bankr. P 7004(b)(3) the wording "ATTN: Managing Officer (or appropriate similar wording) is included in the address.)**

I hereby certify that the following insured depository institutions were served by Certified Mail addressed to the officer of the institution:

I hereby certify that the following parties and counsel were served electronically through the Notice of Electronic Filing (NEF) at the following address:

    M. Elaina Massey  
    Chapter 13 Trustee  
    ecf@ch13bwk.com

Dated:    5/2/19

    /s/ William S. Orange, III  
    Debtor's Attorney  
    1419 Newcastle St.  
    Brunswick, GA 31520  
    912-267-9272

| | | |
|---|---|---|
| JESSICA DENAE STEWART<br>78 GLYNN MARSH DRIVE<br>APARTMENT 57<br>BRUNSWICK GA 31525-0504 | CREDIT COLLECTION SERVICE<br>ATTENTION: MANAGING OFFICER<br>POST OFFICE BOX 407<br>NORWOOD MA 02062-0407 | RGL ASSOCIATES, INC.<br>ATTENTION: MANAGING OFFICER<br>POST OFFICE BOX 1054<br>BRUNSWICK GA 31521-1054 |
| WILLIAM S. ORANGE, III<br>WILLIAM S. ORANGE, III<br>1419 NEWCASTLE ST.<br>BRUNSWICK, GA 31520 | CREDIT MANAGEMENT, L.P.<br>ATTENTION: MANAGING OFFICER<br>4200 INTERNATIONAL PARKWAY<br>CARROLLTON TX 75007-1906 | SANTANDER CONSUMER USA<br>ATTENTION: MANAGING OFFICER<br>POST OFFICE BOX 961245<br>FORT WORTH TX 76161-0244 |
| AMERICOLLECT<br>ATTENTION: MANAGING OFFICER<br>1851 SOUTH ALVERNO ROAD<br>MANITOWOC WI 54221 | DEVILLE ASSET MANAGEMENT, LTD<br>ATTENTION: MANAGING OFFICER<br>POST OFFICE BOX 1987<br>COLLEYVILLE TX 76034-1987 | SOUTHEAST GEORGIA HEALTH S<br>ATTENTION: MANAGING OFFICER<br>POST OFFICE BOX 1518<br>BRUNSWICK GA 31521-1518 |
| AMSHER COLLECTION SERVICES<br>ATTENTION: MANAGING OFFICER<br>600 BEACON PARKWAY W. SUITE 300<br>BIRMINGHAM AL 35209-3120 | EMERGENCY RESOURCES GROUP<br>ATTENTION: MANAGING OFFICER<br>POST OFFICE BOX 11349<br>DAYTONA BEACH FL 32120-1349 | STENGER & STENGER<br>ATTENTION: MANAGING OFFICER<br>2618 E. PARIS AVENUE SE<br>GRAND RAPIDS MI 49546 |
| CASCADE CAPITAL LLC-SANTANDER<br>ATTENTION: MANAGING OFFICER<br>1 CASCADE PLAZA, #7<br>AKRON OH 44308 | GEORGIA EMERGENCY ASSOCIATES<br>ATTENTION: MANAGING OFFICER<br>POST OFFICE BOX 10066<br>SAVANNAH GA 31412 | SYNOVUS BANK<br>ATTENTION: MANAGING OFFICER<br>POST OFFICE BOX 120<br>COLUMBUS GA 31902-0120 |
| CCS COLLECTIONS<br>ATTENTION: MANAGING OFFICER<br>2 WELLS AVENUE<br>NEWTON CENTER MA 02459-3208 | GEORGIA STUDENT FINANCE<br>ATTENTION: MANAGING OFFICER<br>2082 E. EXCHANGE PLACE<br>TUCKER GA 30084 | T MOBILE<br>ATTENTION: MANAGING OFFICER<br>POST OFFICE BOX 742596<br>CINCINNATI OH 45274-2596 |
| COMCAST<br>ATTENTION: MANAGING OFFICER<br>POST OFFICE BOX 105184<br>ATLANTA GA 30348 | GLYNN COUNTY MAGISTRATE COURT<br>ATTENTION: MANAGING OFFICER<br>POST OFFICE BOX 1355<br>BRUNSWICK GA 31521-1355 | WESTERN FINANCE<br>ATTENTION: MANAGING OFFICER<br>145 ALTAMA CONNECTOR<br>BRUNSWICK GA 31520 |
| CONVERGENT OUTSOURCING, INC.<br>ATTENTION: MANAGING OFFICER<br>POST OFFICE BOX 9004<br>RENTON WA 98057-9004 | PROGRESSIVE INSURANCE<br>ATTENTION: MANAGING OFFICER<br>POST OFFICE BOX 43258<br>RICHMOND HEIGHTS OH 44143-0258 | WORLD FINANCE CORPORATION<br>ATTENTION: MANAGING OFFICER<br>3617 ALTAMA AVENUE<br>BRUNSWICK GA 31520-3631 |
| COOPERATIVE HEALTHCARE SERVICES<br>ATTENTION: MANAGING OFFICER<br>POST OFFICE BOX 1213<br>BRUNSWICK GA 31521-1213 | REGIONAL FINANCE COMPANY OF GA<br>ATTENTION: MANAGING OFFICER<br>3421-6 CYPRESS MILL ROAD<br>BRUNSWICK GA 31520 | |